**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CUSTOMER CONTROL, INC., Respondent.**

Nos. 26, 27, Dockets 27394, 27479.

United States Court of Appeals Second Circuit.

Argued Oct. 10, 1962.

Decided Oct. 25, 1962.

ize, resulted from their union activity and, in one case, from the pressman's testimony in a Board hearing regarding the discharge of the other two. Further, the Board's conclusion that the pressmen constituted an appropriate bargaining unit was warranted.

Enforcement orders will issue in both cases.

Marion Griffin, Atty., National Labor Relations Board, Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Rosanna A. Blake and Seymour Strongin, Attys., National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

Joseph A. Byrne, Jr., of Nurnberg, Byrne & Klein, New York City (Francis X. McDermott, of Nurnberg, Byrne & Klein, New York City, on the brief), for respondent.

Before CLARK, MOORE and SMITH, Circuit Judges.

PER CURIAM.

In these two cases the National Labor Relations Board found that respondent had violated § 8(a) (1), (3), (4), (5) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1), (3), (4), (5). The Board may exercise the full extent of its statutory jurisdiction in any case, N. L. R. B. v. Pease Oil Co., 2 Cir., 279 F.2d 135, 137–138, and its assumption of jurisdiction here was proper. Concerning the merits, ample evidence exists to justify the Board's finding that the discharge of respondent's three pressmen, who were attempting to union-

